UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ODESSA BROWN, II,<br><br>Plaintiff,<br><br>v.<br><br>M. SPEARMAN, et al.,<br><br>Defendants. | No. 2:17-cv-2371 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges defendants violated his First Amendment right of access to the courts. Before the court is plaintiff's second amended complaint ("SAC") for screening. For the reasons set forth below, the court will recommend dismissal of the SAC.

**BACKGROUND**

Plaintiff filed his original complaint here on November 13, 2017. (ECF No. 1.) On screening, the court found plaintiff failed to state any claims for relief cognizable under § 1983. (ECF No. 6.) The court dismissed plaintiff's complaint with leave to amend. On July 5, 2018, plaintiff filed a first amended complaint. (ECF No. 12.) Again, the court found plaintiff stated no cognizable claims for relief and again provided plaintiff leave to amend. (ECF No. 13.) Plaintiff was warned that this would be his final opportunity to state claims in this action. (Id. at 11.) On November 8, 2018, plaintiff filed the SAC. (ECF No. 14.)

1

**SCREENING**

As described in the court's prior screening orders, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**I.     Second Amended Complaint**

Plaintiff identifies the following defendants in his SAC: M. Spearman, K. Wiser, M. McKernan, and C. McConner. (ECF No. 14 at 8.) He describes conduct which occurred when he was incarcerated at High Desert State Prison ("HDSP") in 2016. Plaintiff alleges each defendant's conduct violated his First Amendment rights because it interfered with his access to the courts.

Plaintiff states that he was transferred from Solano State Prison to HDSP on August 23, 2016. Shortly after he arrived, plaintiff began requesting his legal materials. He informed several defendants that he required those materials in order to proceed with his tort case in Marin County Superior Court. However, defendants failed to provide him the materials in a timely manner. As a result, plaintiff missed deadlines in the Marin County case.

Plaintiff further states that the state appellate court denied his criminal appeal and his habeas corpus petition on August 18, 2016. However, plaintiff contends that he did not receive notice of those denials until September 12, 2016, when he received a letter from his attorney. Plaintiff states that his attorney mailed the letter to him at Solano State Prison but a mailroom employee there returned it to the attorney rather than forwarding it to plaintiff at HDSP. The day after plaintiff received that letter, he was provided his legal materials and, on September 17, was

provided access to the law library. The California Supreme Court received his petition for review on October 14, 2016. Because it was untimely, the court lacked jurisdiction to consider it. (See ECF No. 14 at 63.)

Plaintiff argues that because defendants did not provide him with writing and mailing supplies until September 7, 2016, he was unable to provide timely notification to his attorney and the state appellate court that he had been moved to HDSP. Had he been provided those supplies earlier, plaintiff contends, he would have received notice of the denial of his appeal and habeas petition earlier and the California Supreme Court would not have denied his petition for review as untimely.

**II. Does Plaintiff State a Cognizable Claim for Relief?**

**A. Plaintiff's Claims re his Marin County Case**

As plaintiff was informed previously, a claim under the First Amendment for denial of access to the courts applies only to nonfrivolous direct criminal appeals, habeas corpus proceedings, and section 1983 actions. Lewis v. Casey, 518 U.S. 343, 346 (1996). Much of plaintiff's SAC involves his arguments that defendants thwarted his ability to litigate a civil defamation case in the Marin County Superior Court.[1] That case was not a criminal proceeding, a habeas corpus proceeding, or a § 1983 proceeding. (See ECF No. 14 at 60 (document from plaintiff's Marin County case).) Accordingly, any interference with plaintiff's ability to litigate that Marin County case is not a claim cognizable under § 1983 and the First Amendment.

**B. Plaintiff's Claims re his Petition for Review to the California Supreme Court**

Plaintiff makes two arguments relevant to his late-filed petition for review. First, he contends that he did not receive writing and mailing materials until September 7, 2016. Therefore, he was unable to notify his appellate attorney and the appellate court of his changed address. However, plaintiff fails to show that he requested, and was denied, writing and mailing materials from these defendants in order to change his address. Plaintiff's SAC and the attached

---

[1] At one point in the SAC, plaintiff refers to this case as a defamation case filed in Amador County Superior Court. (See ECF No. 14 at 13.) However, thereafter, plaintiff consistently mentions that the case was filed in Marin County and attachments to his complaint confirm that it was a Marin, not Amador, County case.

3

copies of grievances show only that plaintiff sought to obtain his personal, legal materials in order to litigate his Marin County case. A claim for denial of access to the courts requires plaintiff to demonstrate that each defendant intentionally and actively misused their power to deny plaintiff access to the courts. Roman v. Allison, No. 1:11-cv-0730-MJS (PC), 2012 WL 293380, at *2 (E.D. Cal. Jan. 31, 2012); Funches v. Ebbert, 638 F. Supp. 2d 1014, 1019 (S.D. Ill. 2009) (citing Daniels v. Williams, 474 U.S. 327 (1986)). Defendants cannot be charged with interfering with plaintiff's access to the courts regarding his state criminal proceedings when they did not know plaintiff required materials to contact his appellate attorney and the appellate court.

Plaintiff also contends the law library at HDSP was insufficient because it did not have a copy of the form for state habeas corpus petitions. As a result, plaintiff argues, he filed that petition late. However, plaintiff does not show that he filed a habeas corpus petition in the California Supreme Court. Rather, he shows that he filed a petition for review, which was denied as untimely.[2] (ECF No. 14 at 63.) Plaintiff further fails to show that he required that form to file a petition, for either review or for a writ of habeas corpus, in order to bring his claim before the California Supreme Court.

Finally, the court notes that plaintiff fails to show he sought to raise a nonfrivolous claim in the California Supreme Court. In both of the court's prior screening orders, plaintiff was informed that he must show the claim he sought to raise in the California Supreme Court was not frivolous. In the court's order screening plaintiff's first amended complaint, plaintiff was advised that he must describe the claim he attempted to raise in the California Supreme Court with sufficient specificity for the court to determine that it was not frivolous. However, plaintiff cited then, and cites now, only California Penal Code §§ 1192.7(c) and 245(a)(1), arguing that his crime was not a "serious felony." (ECF No. 14 at 19, 32.)

As the court pointed out previously, § 1192.7 involves restrictions on prosecutors' ability to enter into plea bargains for certain serious felonies. (ECF No. 24 at 9.) However, plaintiff does not appear to be arguing that he was entitled to a plea bargain. He states that his claim

---

[2] The California Constitution provides that plaintiff could have also filed an original petition for a writ of habeas corpus in the California Supreme Court. Cal. Cons. Art. VI, § 10.

4

before the California Supreme Court had nothing to do with a plea bargain. (ECF No. 14 at 32.) Plaintiff fails to show that his claim before the California Supreme Court had any arguable merit.

Plaintiff has failed to allege sufficient facts to support a claim for a violation of his First Amendment right to access to the courts. The court recognizes that plaintiff must have been frustrated with the late notice he received about the denial of his appeal and habeas petition. However, that fact is insufficient to support a claim under § 1983.

**C. No Leave to Amend**

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff's allegations against defendants cannot establish a plausible claim as a matter of law and amendment would be futile. Plaintiff has not, and cannot, state a claim for relief based on interference with his ability to file a petition in the California Supreme Court in 2016. Accordingly, the undersigned finds that plaintiff has failed to allege a violation of his constitutional rights, and this action should be dismissed.

Accordingly, the Clerk of the Court is HEREBY ORDERED to randomly assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 21, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/brow2371.SAC scrn fr